UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOESPH SCHAUER, <br> JAMES JEFFERSON, and <br> KHADEJAH LOVELACE, <br><br> Plaintiffs, <br><br> v. <br><br> EMERGE, INC., <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * Civil Action No.: <br> * <br> * <br> * <br> * |

## NOTICE OF REMOVAL

Defendant, Emerge, Inc., by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1441, *et seq.*, hereby removes this action filed as *Joseph Schauer, et al. v. Emerge, Inc.*, Case No. C-13-CV-22-000154, from the Circuit Court for Howard County, Maryland, in which the action is now pending, to the United States District Court for the District of Maryland, and as grounds for removal states as follows:

1. Plaintiffs, Joseph Schauer, James Jefferson and Khadejah Lovelace, filed this action against Defendant in the Circuit Court for Howard County, Maryland on or around February 17, 2022. Copies of all process, pleadings, and orders filed in the state court action are attached hereto as Exhibits 1 to 8. *See* 28 U.S.C. §1446(a). A copy of the docket sheet from the state court action is attached hereto as Exhibit 9.

2. Defendant received a copy of the summons and Complaint by a private process server about February 23, 2022. Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within thirty (30) days after Defendant's receipt of a copy of the initial pleading through service or otherwise.

3. Venue is proper in the United States District Court for the District of Maryland because it is the District Court for the District within which Plaintiffs' state court action is currently pending.

4. The United States District Court for the District of Maryland has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 based upon federal question jurisdiction because Plaintiffs allege that Defendant violated the rights of the Plaintiffs under the Fair Labor Standards Act, ("FLSA"). Plaintiffs allege Defendant violated their rights under the FLSA by routinely paying Plaintiffs and other similarly situated employees less than their proper overtime wages, that Defendant constructed and implemented a pay plan in an attempt to circumvent the FLSA, that Defendant had actual or constructive knowledge that Plaintiffs worked overtime without proper compensation and willfully failed and refused to pay required overtime rates to Plaintiffs in violation of the FLSA, and that Plaintiffs have suffered damages due to these alleged violations. *See* Exhibit 1, Compl. at p. 4-5.

5. Plaintiffs further allege Defendant violated the Maryland Wage and Hour Law Md. Code Ann., Lab. & Empl. § 3-415, 3-420 ("MWHL"). This Court should exercise supplemental jurisdiction over that claim pursuant to 28 U.S.C. 1387, which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." Claims are part of the same case or controversy if they stem from a "common nucleus of operative facts." *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 116 (4th Circ. 2001) (*citing United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, (1966)). Generally, only a "loose factual connection between the claims" is required for claims to arise from a common nucleus of operative facts. *Posey v. Calvert Cnty. Bd. Of Educ.*, 262 F. Supp. 2d 598, 600 (D. Md. 2003). Here, Plaintiffs' federal FLSA and state law claims arise

2

from the same nucleus of operative facts. Accordingly, the Court should exercise jurisdiction over both claims.

6. Plaintiffs further allege Defendant violated the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-502. This Court should exercise supplemental jurisdiction over that claim pursuant to 28 U.S.C. 1387, which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." Claims are part of the same case or controversy if they stem from a "common nucleus of operative facts." *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 116 (4th Circ. 2001) (*citing United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, (1966)). Generally, only a "loose factual connection between the claims" is required for claims to arise from a common nucleus of operative facts. *Posey v. Calvert Cnty. Bd. Of Educ.*, 262 F. Supp. 2d 598, 600 (D. Md. 2003). Here, Plaintiffs' federal FLSA and state law claims arise from the same nucleus of operative facts. Accordingly, the Court should exercise jurisdiction over both claims.

7. There is no other Defendant in this action. Thus, pursuant to 28 U.S.C. § 1446(b)(2)(A), no other Defendant need consent to the removal of this action.

8. As required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will file a copy of this Notice with the Clerk of the Circuit Court for Howard County, Maryland, and will provide Plaintiffs with a copy of such Notice as well. Attached hereto as Exhibit 10 is a copy of the Notice of Filing Notice of Removal, which will be filed in the Circuit Court for Howard County, Maryland.

9.	Defendant requests that the United States District Court for the District of Maryland assume jurisdiction over the above-captioned action, and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

10.	Defendant shall file a certification that all filings in the state court action have been filed in the United States District Court for the District of Maryland within 30 days.

Dated: March 25, 2022

Respectfully submitted,

_____/s/_____
Parker E. Thoeni (Bar No. 30250)
Preston P. Heck II (Bar No. 22019)
SHAWE ROSENTHAL LLP
One South Street, Suite 1800
Baltimore, MD 21202
Telephone: (410) 752-1040
Facsimile: (410) 752-8861
thoeni@shawe.com
heck@shawe.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2022 a copy of the foregoing Notice of Removal was electronically filed and thereby served upon:

>Christopher J. Smith, Esquire
>The Law Office of Christopher J. Smith, LLC
>17 West Jefferson Street, Suite 100
>Rockville, MD 20850
>cjs@christopherjsmithlaw.com
>
>Neil S. Hyman, Esquire
>Law Office of Neil S. Hyman, LLC
>4520 East West Highway, Suite 700
>Bethesda, MD 20814
>neil@neilhymanlaw.com
>
>*Attorneys for Plaintiffs*

>/s/
>Preston P. Heck II

#990895