# IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

| | |
|---|---|
| JOSEPH SCHAUER<br>6012 Eunice Avenue<br>Baltimore, Maryland 21214 | *<br><br>* |
| And | * |
| JAMES JEFFERSON<br>2307 Elsinore Avenue<br>Baltimore, Maryland 21216 | *<br><br>* |
| And | * |
| KHADEJAH LOVELACE<br>3 Teakwood Court<br>Parkville, Maryland 21234 | *<br><br>* |
| *Plaintiffs* | * |
| v. | *   Case No.: C-13-CV-22-000154 |
| EMERGE, INC.<br>9108 Rumsey Road, Suite D-2<br>Columbia, Maryland 21045 | *<br><br>* |
| *Defendant* | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S CLASS ACTION COMPLAINT

COME NOW the Plaintiffs, Joseph Schauer, James Jefferson, and Khadejah Lovelace, by and through their attorneys, Christopher J. Smith, Esq., of The Law Office of Christopher J. Smith, LLC, and Neil Hyman, Esq., of the Law Office of Neil S. Hyman, LLC, hereby sue the Defendant, Emerge, Inc. on behalf of themselves and all other similarly situated employees of the Defendant. In support thereof, Plaintiffs state as follows:

## PARTIES, JURISDICTION, & VENUE

1. Plaintiffs are residents of Maryland, all of which who have previously worked for or are still currently working for the Defendant as in-home caregivers.

2. Defendant, Emerge, Inc., is a corporate entity formed under the laws of the State of Maryland, with its principal place of business in Howard County, Maryland.

3. Venue is proper in the Circuit Court for Howard County, as the Defendant maintains its principal office in the same. Md. Code Ann., Cts. & Jud. Proc. § 6-201(a).

4. Jurisdiction is proper as an action in tort. § 1-501. Additionally, this Honorable Court has personal jurisdiction over the Defendants persons who caused tortious injury in the State of Maryland. § 6-103.

## FACTS COMMON TO ALL COUNTS

5. At all times relevant hereto, Plaintiffs and similarly situated employees were or are employees of the Defendant, serving as in-home caregivers.

6. There are more than fifty employees employed as in-home caregivers by the Defendant at any one time.

7. Plaintiffs were originally hired by the Defendant at various dates prior to August, 2019, as community living assistants, also known as in-home care givers. Plaintiffs' hourly wage for this position was $15.00 per hour.

8. At all times relevant hereto, Defendant managed and otherwise oversaw the employment of the Plaintiffs and similarly situated employees, including the discipline thereof, their work duties, work schedule, conditions of employment, and rate of pay and

manner thereof. Defendant also maintained or otherwise controlled their employment records.

9. Plaintiffs and similarly situated employees were, at all times relevant hereto, non-exempt employees of the Defendant and were entitled to be paid proper overtime for all hours worked in excess of forty (40) hours throughout the course of a given workweek.

10. Plaintiffs and similarly situated employees regularly worked at least sixty (60) hours per week and frequently worked in excess of seventy (70) hours per week.

11. Prior to August, 2019, Defendant paid Plaintiffs straight time and a half for all overtime hours.

12. During or about August, 2019, Defendant began to implement a new payment scheme designed to artificially and improperly reduce the regular rate of the Plaintiffs and similarly situated employees in order to reduce the amount of overtime paid to the same.

13. Under the Defendant's new system, all employees were to be paid at a separate, lower rate for any additional shifts or time beyond their base assignments, despite completing the exact same work and responsibilities.

14. This new system thus reduced the amount of overtime owed to the Plaintiffs and similarly situated employees by artificially and improperly lowering the regular rate as it was to be calculated under the Fair Labor Standards Act ("FLSA").

## COUNT I
### (Fair Labor Standards Act)

15. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully stated herein.

16. Except as specifically provided by law, the FLSA requires that an employer pay its employees time and a half for all hours worked in a workweek longer than forty hours. 29 U.S.C. § 207(a)(1).

17. Plaintiffs and similarly situated employees regularly worked at least sixty (60) hours per week and frequently worked in excess of seventy (70) hours per week. However, Plaintiffs and similarly situated employees were routinely paid less than their proper overtime wages.

18. Plaintiffs and similarly situated employees were, at all times relevant hereto, non-exempt employees of the Defendant and were entitled to be paid proper overtime for all hours worked in excess of forty (40) hours throughout the course of a given workweek.

19. It is a violation of the FLSA for an employer to construct and implement a pay plan in an attempt to circumvent the FLSA.

20. The Defendant has violated the FLSA by creating and implementing a payment scheme designed to artificially lower the regular rate of its employees, including Plaintiffs and similarly situated employees, in an effort to avoid paying proper overtime wages.

21. Defendant has not made a good-faith effort to comply with the FLSA as it relates to the compensation of the Plaintiffs and similarly situated employees.

22. Defendant had actual or constructive knowledge that the Plaintiffs and similarly situated employees worked overtime without proper compensation and willfully failed and refused to pay the required overtime rates. *See* 29 U.S.C. § 255(a).

23. Therefore, by way of its willful failure and refusal to pay Plaintiffs and similarly situated employees the required overtime wages for time worked, Defendant is in violation of the FLSA.

24. As a direct and proximate result of the Defendant's violation of the FLSA, Plaintiffs and similarly situated employees have suffered and continue to suffer damages.

25. The similarly situated employees of the Defendant have been improperly compensated by the Defendant and would benefit from the issuance of a Court Supervised Notice of the present lawsuit and an opportunity to join the same. Likewise, those similarly situated employees should be so notified.

26. Those similarly situated employees are readily known, identifiable, and locatable by the Defendant.

WHEREFORE, Plaintiffs, Joseph Schauer, James Jefferson, and Khadejah Lovelace, individually and on behalf of similarly situated employees, respectfully request judgment against the Defendant, Emerge, Inc., in an amount in excess of $75,000.00, plus liquidated damages, punitive damages, pre- and post-judgment interest, statutory attorneys' fees, and costs.

## COUNT II
### (Maryland Wage and Hour Law)

27. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully stated herein.

28. Except as specifically provided by law, the Maryland Wage and Hour Law ("MWHL") requires that an employer pay its employees time and a half for all hours worked in a workweek longer than forty hours. Md. Code Ann., Lab. & Empl. § 3-415, 3-420.

29. Plaintiffs and similarly situated employees regularly worked at least sixty (60) hours per week and frequently worked in excess of seventy (70) hours per week. However, Plaintiffs and similarly situated employees were routinely paid less than their proper overtime wages.

30. Plaintiffs and similarly situated employees were, at all times relevant hereto, non-exempt employees of the Defendant and were entitled to be paid proper overtime for all hours worked in excess of forty (40) hours throughout the course of a given workweek.

31. It is a violation of the MWHL for an employer to construct and implement a pay plan in an attempt to circumvent the MWHL.

32. The Defendant has violated the MWHL by creating and implementing a payment scheme designed to artificially lower the regular rate of its employees, including Plaintiffs and similarly situated employees, in an effort to avoid paying proper overtime wages.

33. Defendant has not made a good-faith effort to comply with the MWHL as it relates to the compensation of the Plaintiffs and similarly situated employees.

34. Defendant had actual or constructive knowledge that the Plaintiffs and similarly situated employees worked overtime without proper compensation and willfully failed and refused to pay the required overtime rates.

35. Therefore, by way of its willful failure and refusal to pay Plaintiffs and similarly situated employees the required overtime wages for time worked, Defendant is in violation of the MWHL.

36. As a direct and proximate result of the Defendant's violation of the MWHL, Plaintiffs and similarly situated employees have suffered and continue to suffer damages.

37. The similarly situated employees of the Defendant have been improperly compensated by the Defendant and would benefit from the issuance of a Court Supervised Notice of the present lawsuit and an opportunity to join the same. Likewise, those similarly situated employees should be so notified.

38. Those similarly situated employees are readily known, identifiable, and locatable by the Defendant.

WHEREFORE, Plaintiffs, Joseph Schauer, James Jefferson, and Khadejah Lovelace, individually and on behalf of similarly situated employees, respectfully request judgment against the Defendant, Emerge, Inc., in an amount in excess of $75,000.00, plus liquidated damages, punitive damages, pre- and post-judgment interest, statutory attorneys' fees, and costs.

## COUNT III
### (Maryland Wage Payment and Collection Law)

39. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully stated herein.

40. An employer is required to pay an employee at least once in every two (2) weeks or twice in each month. Md. Code Ann., Lab. & Empl. § 3-502.

41. More than two (2) weeks have elapsed from the date on which Defendant was required to pay Plaintiffs and similarly situated employees the aforementioned sum of monies for proper wages, including overtime.

42. There exists no bona fide dispute as to the wages owed to the Plaintiffs and similarly situated employees by the Defendant.

43. Accordingly, Plaintiffs and similarly situated employees are entitled to treble damages and statutory attorney's fees with regard to the wages remaining unpaid by the Defendants. § 3-507.2.

44. The similarly situated employees of the Defendant have been improperly compensated by the Defendant and would benefit from the issuance of a Court Supervised Notice of the present lawsuit and an opportunity to join the same. Likewise, those similarly situated employees should be so notified.

45. Those similarly situated employees are readily known, identifiable, and locatable by the Defendant.

WHEREFORE, Plaintiffs, Joseph Schauer, James Jefferson, and Khadejah Lovelace, individually and on behalf of similarly situated employees, respectfully request

judgment against the Defendant, Emerge, Inc., in an amount in excess of $75,000.00, plus treble, punitive damages, pre- and post-judgment interest, statutory attorneys' fees, and costs.

Respectfully submitted,

*/s/Christopher J. Smith*
Christopher J. Smith, Esq.
AIS No.: 1612140248
The Law Office of Christopher J. Smith, LLC
17 West Jefferson Street, Suite 100
Rockville, Maryland 20850
(301) 760-7460 (Office)
(301) 760-7469 (Direct)
cjs@christopherjsmithlaw.com
*Attorney for Plaintiff*

Neil S. Hyman, Esq.
AIS No.: 0006210196
Law Office of Neil S. Hyman
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
(301) 841-7105
neil@neilhymanlaw.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiffs, Joseph Schauer, James Jefferson, and Khadejah Lovelace, respectfully request a trial by jury as to all issues raised herein.

*/s/Christopher J. Smith*
Christopher J. Smith, Esq.